IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY STEWART                                                                  PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. 2:06cv198KS-MTP

RONALD KING and CHRISTOPHER B. EPPS                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

       Plaintiff Stewart, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Ronald King and Christopher B. Epps.

       Plaintiff states that he was classified as "D" custody on December 21, 2005, as a result of receiving 29 points under the MDOC's classification point system. The plaintiff complains that he has been assessed points which are incorrect. The plaintiff argues that he was given 4 points for refusing to work instead of 0 to 2 points for poor work performance which was the reason he claims that he was terminated from his job. He also argues that he was given 11 points for a flight/escape instead of 3 points.[1] Because he was classified as "D" custody, the plaintiff was unable to earn good time credits.

       On January 19, 2006, the plaintiff was placed in a security threat unit by Case Manager Richard Lewis. Case Manager Lewis stated that the plaintiff was to be given 11 points as an escape risk "no matter what." Even though the plaintiff was placed in a security threat unit,

---

[1] The plaintiff states in his complaint that previous case managers did not assess him points for the escape charge. However, the plaintiff does acknowledge that according to Standard Operating Procedures an "escape charge 5 years old should be handled [on a] case by case basis."

according to his complaint, his classification was upgraded to "C" custody. However, the plaintiff continues to complain that the classification points were incorrectly assessed because he was given 11 points as being an escape risk and 4 points for refusing to work. The plaintiff has exhausted his claim with the administrative remedies program.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated. Meacham v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification). The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the

ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); see also Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits or conjugal visits). As such, the Court finds that plaintiff has failed to state a viable due process claim regarding his custodial classification pursuant to the Mississippi Department of Corrections point system.

In sum, the plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison. The defendant's decision to place the plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

## CONCLUSION

It is clear that the plaintiff does not have a constitutionally protected right to be placed in a particular custody classification while in prison nor does the plaintiff have a constitutional right to certain privileges while in prison. Therefore, since the plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion and order.

SO ORDERED this the 9th day of January, 2007.

        s/*Keith Starrett*
        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.